REDMANN, Judge.
The owners and insurer of a car appeal from the dismissal of their suit for damages to the car from being rearended by defendant driver. The dismissal was the result of lack of proof, presumably of subrogation because that was the express basis of defendants’ moving to dismiss when plaintiff rested. (Defendant presented no evidence.) We reverse.
Notwithstanding that the trial judge had pointed out that “the policy is the best proof” of deductible amount and of subro-gation right, plaintiffs did not introduce the policy. Still the dismissal of the owners was presumably an oversight. They are entitled to recover their damages unless someone else (e. g., an insurer) has acquired from them the right to recover.
The dismissal of the insurer was also incorrect under the circumstances of the owner’s having joined in the insurer’s petition alleging subrogation to the claim except for $100. If the owner is not a co-plaintiff, evidence of subrogation is necessary because the insurer demands payment of a debt owed to a third person (the owner) and must prove its right to collect that debt. But when the owner joins in the petition, the owner demands payment of a debt owed to himself, and that the owner asks payment in part to a third person (the insurer) whom he has subrogated dispenses with the need for proof of subrogation (and even of payment by the third person, the insurer).
Of necessity, once defendant’s liability to the owner and quantum are established, there must be judgment for the owner or for the owner and his subrogee.
Reversed; judgment for Ivy Davidson for $100 and for General Fire & Life Assurance Corporation for $1,083.11, each with interest from judicial demand and costs, against Earl Foster.
PER CURIAM.
Applicant for rehearing correctly notes that under C.C.P. 1810 the available alternatives are judgment against plaintiff or no judgment “until the close of all the evidence.” We grant rehearing and amend our decree to read:
Reversed and remanded; final judgment to await the close of all evidence.